E-FILED
Wednesday, 21 January, 2026  05:14:33 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

JENNIFER HINES f/k/a JENNIFER REEVES,    )
                                         )
            Plaintiff,                   )    Case No.:
                                         )
    v.                                   )
                                         )
                                         )
CENTRAL TRANSPORT LLC                    )
                                         )
            Defendant.                   )

**NOTICE OF REMOVAL**

Defendant Central Transport LLC ("Central Transport"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1332, hereby files its Notice of Removal of this action from the Circuit Court of Rock Island County, Illinois, to the United States District Court for the Central District of Illinois, Rock Island Division.  In support of this notice, Defendant states:

**I.    PROCEDURAL HISTORY**

1.    Plaintiff Jennifer Hines ("Plaintiff") commenced an action against Defendant on or about December 15, 2025, by filing her Complaint ("Complaint") in the Circuit Court of Rock Island County, Illinois. Defendant was served with the Summons and Complaint on December 23, 2025. A copy of Plaintiff's Summons and Complaint is attached as Exhibit 1.

2.    In her Complaint, Plaintiff alleges five causes of action under Illinois law. Specifically, Plaintiff alleges harassment because of her pregnancy (Count I); failure to accommodate her pregnancy (Count II); and disparate treatment because of her pregnancy (Count III) under the Illinois Human Rights Act.  Under the Illinois Whistleblower Act, Plaintiff alleges "Threatening Retaliation" (Count IV); and retaliatory Discharge (Count V). *See* Exhibit 1.

3.    No other process, pleadings, or orders were issued to Defendant prior to its filing of

this Notice of Removal, and Defendant has not filed an appearance or responsive pleading with the Circuit Court of Rock Island County, Illinois.

4. Defendant files this Notice of Removal on January 21, 2026, which is 29 days after being served with the Summons and Complaint on December 23, 2025.

## II.    GROUNDS FOR REMOVAL

5. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Specifically, there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

6. "Complete diversity exists only if none of the defendants has the same citizenship as any plaintiff." *City of E. St. Louis v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023).

7. Plaintiff does not have the same citizenship as Defendant in this case.

8. Plaintiff alleges in the Complaint that she is "a resident of the State of Illinois." Exhibit 1 at ¶ 2.

9. Central Transport is a Michigan limited liability company with its principal place of business in Warren, Michigan. *See* Exhibit 2 at ¶ 3. Because Defendant is a limited liability company, it is treated as a citizen of all states where its members/owners are citizens. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.")

10. The "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place

of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.*

11.     When the Complaint was filed, and continuing through the present, Defendant's owner/member was and is LTL Holding Company, LLC. *See* Exhibit 2 at ¶ 4. LTL Holding Company, LLC is Michigan limited liability company with its principal place of business in Warren, Michigan. *Id.* at ¶ 5. The entity's primary management offices and operations are all located at its company headquarters in Warren, Michigan. *Id.* Further, the direction, control and coordination of this entity's activities take place from its corporate headquarters in Warren, Michigan. *Id.* The owners/members of LTL Holding Company, LLC are Matthew T. Moroun, Matthew J. Moroun, and Matthew T. Moroun as trustee of the LSM 2020 Trust ("Trust"). *See* Exhibit 2 at ¶ 6. The Trust is formed under the laws of the state of Michigan and has its principal place of business in Warren, Michigan. *Id.* Matthew T. Moroun and Matthew J. Moroun are individual citizens and residents of the state of Michigan. *Id.*

12.     Accordingly, Defendant is a citizen of Michigan.

13.     As Plaintiff is a citizen of Illinois, and Defendant is a citizen of Michigan, there is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332(a)(1).

## IV.     AMOUNT IN CONTROVERSY

14.     The amount in controversy also exceeds $75,000, exclusive of interest and costs.  The amount of controversy is measured "by what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).  "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv.*

3

*Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).  To support this estimate, the removing party "may rely on the complaint's allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources." *Schutte v. Ciox Health, LLC.*, 28 F.4th 850, 854 (7th Cir. 2022).  Once the removing party has made this showing, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000."  *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011).

15.      Plaintiff alleges various claims against Defendant and seeks several forms of relief. The allegations in the Complaint and the enclosed affidavits demonstrate that the amount in controversy exceeds $75,000.

16.      For these claims, Plaintiff seeks to recover past and future pecuniary losses, including back pay; equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits; past and future compensatory damages; prejudgment interest; reasonable attorneys' fees and costs; and all other relief just and proper in the premises. Exhibit 1 at ¶¶ 115, 170, 196, 243, and 296.

17.      Plaintiff's request for back pay alone satisfies the $75,000 jurisdictional threshold. Plaintiff alleges that her employment ended on February 3, 2023. Exhibit 1 at ¶¶ 183, 278 (a). Plaintiff earned approximately $979.16 each week. *See* Exhibit 2, ¶ 9.  Approximately 154 weeks have elapsed between her alleged separation and the time of removal.

18.      If Plaintiff's compensation remained consistent in 2023, 2024, and 2025, then her backpay would total approximately $150,790.64 ($979.16 x 154 weeks). *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (the amount in controversy is determined on the date of removal). This amount does not take into account the other alleged damages that Plaintiff is seeking such as compensatory damages and front pay.

19.     Additionally, pre-filing attorneys' fees may be considered in satisfying the amount in controversy.  *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001).  Plaintiff also requests attorneys' fees, and the Illinois Whistleblowers' Protection Act provides for this remedy. *See* 740 ILCS 174/30.

## V.      VENUE AND PROCEDURAL REQUIREMENTS

20.     Removal is timely because Defendant was served with the Summons and Complaint on December 23, 2025. This Notice of Removal is filed January 21, 2026, which is fewer than 30 days after service. *See* 28 U.S.C. § 1446(b) (notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …").

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the state court action are attached as Exhibit 1.

22.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this Notice of Removal with the clerk of the Circuit Court of Rock Island County.  Defendant will also provide written notice of the filing of this Notice of Removal to Plaintiff.

23.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Central District of Illinois, Rock Island Division, is the proper venue for removal jurisdiction because it embraces Rock Island County, Illinois, where the state court action is pending.

24.     By filing this Notice of Removal, Defendant does not waive any rights or defenses to the claims Plaintiff asserts, including that Plaintiff has not pleaded a claim upon which relief can be granted.

## VI.     CONCLUSION

WHEREFORE, Defendant removes the above-captioned action now pending against them in

the Circuit Court of Rock Island County to the United States District Court for the Central District of

Illinois, wherein it shall proceed as an action originally commenced therein.

Dated: January 21, 2026           Respectfully submitted,

**CENTRAL TRANSPORT LLC**

By:     */s/ Nadine C. Abrahams*
         One of Their Attorneys

Nadine C. Abrahams
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel: (312) 787-4949 | Fax: (312) 787-4995
Nadine.Abrahams@jacksonlewis.com

6

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 21, 2026, she caused a true and correct copy of the foregoing **Notice of Removal** to be filed with the Court by electronic filing protocols and served on the following via electronic mail:

Nicholas J. Kreitman, Esq.
Kreitman Law, LLC
505 North La Salle Drive (Suite 500)
Chicago, IL 60654
njk@kreitmanlaw.com
Office: (847) 970-0575

By:    */s/ Nadine C. Abrahams*